MÉNDEZ *v.* LA ADMINISTRACIÓN DE PUERTO RICO ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 8.—Resuelto en abril 25, 1904.

DEMANDA—PERSONALIDAD DE LAS PARTES.—Reconocida por una parte la personalidad de la otra, no le es lícito volver sobre sus propios actos e impugnar posteriormente esa misma personalidad.

RENTAS INTERNAS—ADMINISTRACIÓN DE CONSUMOS.—Las especies gravadas que hayan pagado impuestos al introducirse en una población para el consumo inmediato, no pueden ser gravadas de nuevo y toda Administración de consumos, al cesar, deberá abonar a la que le suceda el importe de los derechos y recargos cobrados sobre las especies gravadas que deje existentes en los establecimientos públicos de venta.

ID.—CAMBIO DE TARIFA.—La circunstancia de que haya un cambio en la tarifa, no es suficiente a justificar el cobro de la diferencia entre lo que pagaron las especies gravadas con arreglo a la tarifa vigente cuando fueron introducidas y lo que deberían pagar conforme a la nueva tarifa, pues una especie no puede ser gravada más de una vez, aun en el caso de experimentar transformaciones industriales. (*)

ID.—EXIGIBILIDAD DE LOS DERECHOS.—Los derechos son exigibles a la llegada al casco de la población de todas las especies de consumo que no vayan de tránsito o a depósitos autorizados, y desde entonces tienen dichas especies la consideración legal de consumidas, para todos los efectos relacionados con el impuesto, por lo que están exentas del pago de la diferencia de gravamen que haya entre la anterior y la nueva tarifa.

EXPOSICIÓN DEL CASO.

En el pleito que en grado de apelación ante nos pende, entre partes, de la una, Don Antonio Méndez, como presidente del Centro de Detallistas de esta ciudad, representado y diri-

gido en esta Corte Suprema por el Letrado Don Jacinto Texidor y Alcalá del Olmo, y de la otra, la Administración General, representada por el Hon. Assistant Attorney General Don Emilio del Toro, y como coadyuvante, el ayuntamiento de San Juan, que no ha comparecido ante este tribunal, sobre revocación de la sentencia dictada por el Tribunal de Distrito de San Juan, en 16 de mayo del año próximo pasado, que copiada literalmente, contiene los resultandos siguientes:

"*Resultando:* que el 27 de noviembre de 1899, manifestó la presidencia del ayuntamiento al representante del Centro de Detallistas de esta ciudad que el Gobernador General había devuelto con su aprobación la tarifa de consumo, que el concejo y junta municipal habían votado aquel año económico, y por consiguiente procedía prácticamente una investigación para conocer las existencias de artículos gravados que hubieren en poder de los detallistas, a fin de liquidar cantidades que debían pagar por diferencia del impuesto que hasta aquel día se había cobrado en moneda provincial y en lo sucesivo en oro, presentando el Gremio de Detallistas instancia al ayuntamiento para que las existencias que habían satisfecho, el consumo anterior no satisficiesen el nuevo; constando, por certificación del Secretario del Centro de Detallistas de 10 de junio de 1900, que en la junta general celebrada el 28 de febrero de 1900 fué reelegido presidente de ese Centro Don Antonio Méndez, comerciante de esta ciudad, y teniendo el ayuntamiento por interpuesto el recurso de alzada, declaró no haber lugar a resolver, reservándole el derecho de apelación; e interpuesto éste proveyó el alcalde se remitieran los (*) antecedentes al Tesorero de Hacienda, según el artículo 184 de la Ley Municipal, desestimando el mencionado Tesorero la alzada interpuesta en 6 de noviembre de 1900, declarando firme en todas sus partes el acuerdo apelado.

"*Resultando:* que acompañando copia de esta última resolución. interpuso el defensor del Centro de Detallistas recurso contencioso-administrativo; y reclamado el expediente gubernativo, puesto de manifiesto, formuló el reclamante demanda solicitando se revoque dicho acuerdo, declarando en su lugar que las especies gravadas con la tarifa de consumos sobre bebidas y cigarrillos, anterior a la ley que hoy rige, no deben satisfacer la diferencia demás que le asignó la última, y por tanto que sin demora debe devolverse por el ayunta--

miento a los reclamantes los 3,893 pesos con 82 centavos que consignarán en depósito en la depositaría municipal por aquella diferencia.

"*Resultando:* que su petición la funda en los hechos siguientes: lo referido en la sesión del 27 de noviembre de 1899, pidiendo la presidencia declaraciones juradas de las existencias a los detallistas; que el Centro de Detallistas presentó al ayuntamiento el escrito ya mencionado, teniendo interpuesto en su caso el recurso de alzada, lo resuelto por el ayuntamiento ya referido, la petición de que suspendiera el acuerdo, que se negó, admitiéndose la alzada para ante el Tesorero, quien, consultando al Attorney, dió la razón a los detallistas, pero el Tesorero desestimó lo pretendido, aprobando lo acordado por el ayuntamiento, y no conformes los reclamantes consignaron el depósito antes referido para seguir este recurso, siendo el derecho los artículos 87, 145, 180 a 184 de la Ley Municipal, y las Reales Ordenes de 31 de diciembre de 1876, 24 de marzo de 1877 y 15 de julio de 1878.

"*Resultando:* que el Ministerio Fiscal contestó se aprecie en primer término la falta de personalidad en el actor, y si no procediese, declarar sin lugar la demanda con las costas al demandante, sentando como hechos: que el ayuntamiento de esta ciudad acordó el pago de los impuestos referidos para el año económico de 1899 a 1900, rigiendo, desde el primero de diciembre de dicho año, que publicó la tarifa después de aprobada por el Gobernador; que lá corporación (*) municipal acordó se practicase una investigación para conocer las existencias de artículos gravados, agregando lo demás que se refiere en el primer resultando, pidiéndosele una relación jurada de dichas existencias; que presentado el escrito al ayuntamiento para que se declararan exentos de pagos los artículos gravados, y desestimada esa pretensión, se solicitó por el Centro de Detallistas la suspensión del acuerdo que le fué negado, admitiéndosele la alzada para ante el Tesorero, quien la desestimó, e inconforme el demandante con esa resolución, interpuso recurso contencioso-administrativo, compareciendo el defensor en nombre de Don Antonio Méndez en su carácter de presidente del Centro de Detallistas; siendo el derecho: la falta de personalidad de Méndez sin aparecer justificado sea el presidente del Centro de Detallistas; que los ayuntamientos forman anualmente presupuestos, teniendo facultades, teniéndolas para exigir el pago de las diferencias por tarifas de consumos, y que los detallistas no sufren perjuicio.

"*Resultando:* que abierto a prueba, de la del actor consta la certificación del secretario del ayuntamiento de 25 de septiembre de 1899,

372

referente al impuesto por consumos, por kilógramos de cigarrillos; la de 27 de noviembre de 1899 dando cuenta de estar aprobada por el Gobernador la tarifa de consumos, procede practicar una investigación para conocer las existencias y liquidar las cantidades que deben pagar por la diferencia del impuesto; y la tercera, referente a la de 28 de diciembre de 1899, que acordó nombrar una comisión para que estudiara la reclamación de los detallistas, sin que la demora perjudique el derecho de los recurrentes en cuanto a la alzada interpuesta; y la cuarta, el acuerdo de 28 de mayo de 1899 que ordena el cobro con toda urgencia de las cantidades en descubierto por artículos gravados.

"*Resultando:* que señalado día y hora para la vista informaron las partes lo que estimaron conveniente a su derecho."

*Resultando:* que por el mérito de los resultandos que se dejan transcritos y de fundamentos legales que el mencionado tribunal estimó aplicables al caso, se dictó sentencia por la cual declarándose sin lugar la excepción dilatoria de falta de personalidad en el demandante y la demanda interpuesta, (*) fué absuelta la Administración de la demanda, sin especial condena de costas.

*Resultando:* que el juez de la corte de San Juan, Don José Tous Soto, emitió voto particular en el sentido de revocar el acuerdo del Ayuntamiento de San Juan de 28 de diciembre de 1899, confirmado por el Tesorero de Puerto Rico en 6 de noviembre del año siguiente, y de condenar a dicho ayuntamiento a reintegrar al Centro de Detallistas la suma de $3,893.82, importe de la diferencia de tarifas mandada cobrar y consignada por los demandantes a las resultas de la alzada interpuesta, sin especial condenación de costas, apoyándose en los considerandos siguientes:

"1°. *Considerando:* en cuanto a la excepción dilatoria de falta de personalidad en Don Antonio Méndez, como presidente del Centro de Detallistas, carácter que no acreditó debidamente, que en el expediente administrativo a este pleito unido consta una certificación del secretario de dicho centro, de la que resulta tener el Sr. Méndez tal carácter, y si bien no se ha acreditado que la entidad 'Centro

de Detallistas de Provisiones,' de San Juan, tenga personalidad jurídica por haberse constituído con arreglo al capítulo 2 del título 2, del libro 1, del Código Civil de 1889, no se ha combatido la personalidad de dicha entidad, sino la del Sr. Méndez como representante de la misma; y por otra parte, así el ayuntamiento acéptando el depósito de la suma de $3,893.82 por diferencia de tarifas, centro, y en su representación Don Antonio Méndez, (folio 1º.) y admitiendo la alzada interpuesta a nombre del expresado centro, como el Tesorero de Puerto Rico resolviendo dicha alzada y mencionando a Méndez en comunicaciones oficiales, como representante del 'Centro de Detallistas' (folio 10), han reconocido la personalidad del referido centro y la de Don Antonio Méndez como representante legal del mismo, que pretende combatirse mediante la excepción alegada; y por tanto no puede prosperar tal excepción de conformidad con la constante jurisprudencia del Tribunal Supremo de España, de que nadie puede ir contra sus propios actos.

    "2º. *Considerando:* que el reglamento provisional para la imposición, (*) administración y cobranza del impuesto de consumos de 21 de julio de 1889 dispone en su artículo 127, párrafo 1º., que 'toda administración de consumos, al cesar, está obligada a abonar a la que le suceda las cantidades que haya percibido por derechos y recargos de las especies gravadas que deje existentes en los establecimientos públicos de venta, para lo cual se practicarán los aforos correspondientes;' disponiendo el párrafo final de dicho artículo "que durante el período que se practiquen los aforos a que se refiere este artículo, y hasta la terminación de los mismos, la administración saliente podrá intervenir en los fielatos establecidos por la que entra, a fin de evitar que sean incluídos en aquéllos las especies introducidas en el expresado período;' de cuyos preceptos se deduce con toda claridad que las especies gravadas que hayan pagado el impuesto al introducirse en una población para el consumo inmediato, (como lo son todas las introducidas fuera de los casos de tránsito, depósitos o materias primas) no pueden ser gravadas de nuevo ni aun al entrar una nueva administración, siquiera no se hayan consumido dichas especies, por lo que, con el fin de que la nueva administración no sufra perjuicio por consecuencia de la subsistencia en el mercado de especies que naturalmente han de disminuir las introducciones de otras similares, es el abono que debe hacerle la administración saliente.

    "3º. *Considerando:* que si bien en el caso de autos no se trata de aplicar a artículos, que anteriormente fueron gravados, la nueva

tarifa en totalidad, el pretender cobrar la diferencia entre lo que pagaron dichas especies con arreglo a la tarifa vigente cuando fueron introducidas, y lo que deberían pagar conforme a la nueva tarifa, equivale prácticamente a cobrar dos veces el impuesto sobre un mismo artículo contraviniendo el espíritu del citado artículo y los principios fundamentales en materia de impuestos de consumos de que 'una especie no puede ser gravada más de una vez aun en el caso de experimentar transformaciones industriales,' principio a que obedecen las disposiciones, exceptuando del impuesto las especies gravadas de tránsito y las primeras materias gravadas cuando lo estén también los productos de fabricación; y de que 'los derechos son exigibles a la llegada al casco de la población de todas las especies de consumo que no vayan de tránsito o a depósitos autorizados,' teniendo por tanto desde entonces dichas especies la consideración legal de 'consumidas' para todos los efectos relativos al impuesto. Artículo 112 y cap. 19 y 24 del citado Reglamento.

''4º. *Considerando:* que es inaceptable el criterio de que la nueva tarifa (\*) de consumos se confeccionó para comenzar a regir desde 1º. de julio de 1899 y no habiéndose aprobado hasta noviembre del mismo año, sus efectos debieron retrotraerse a la primera fecha, por lo menos, en cuanto a las especies gravadas introducidas después de comenzar el año económico y no consumidas al aprobarse la tarifa, pues aparte de que tales especies, una vez introducidas pagado el impuesto por su consumo, están legalmente consumidas, y por tanto dicho consumo no puede ser base de nueva tributación, no es posible conceder efecto retroactivo a una ordenanza o acuerdo municipal, no pudiendo tenerlo ni aun las disposiciones emanadas del poder legislativo, por virtud del precepto consignado en la Constitución de los Estados Unidos y artículo 4 (debe decir 3) del Código Civil.

''5º. *Considerando:* por otra parte que aun reconociendo en hipótesis la justicia de aplicar la nueva tarifa a las especies existentes a su aporbación, introducidas después del 1º. de julio de 1899, es prácticamente imposible determinar si todas las especies aforadas en noviembre de 1899 fueron introducidas después de aquella fecha, y por consiguiente, siempre resultaría improcedente e injusta la aplicación de la nueva tarifa a todas ellas.

''6º. *Considerando:* que tampoco es argumento aceptable el de que no ha existido perjuicio para los comerciantes, al pagar por las nuevas y más altas tarifas y no por las vigentes, al verificarse la introducción de las especies gravadas, porque los precios de éstas ex-

perimentaron alza proporcional al nuevo gravamen, desde que el ayuntamiento aprobó la nueva tarifa, pues nada tiene que ver el fenómeno económico de la difusión o repercusión del impuesto representado por dicha alza con el derecho de los reclamantes contra los cuales se ha dirigido la acción administrativa, de acuerdo con el artículo 116 del Reglamento aludido, cobrándoseles un impuesto indebido, originando este hecho la consiguiente acción legal en los perjudicados para exigir la reparación del agravio, independientemente de la compensación que los agraviados hayan logrado, merced a un fenómeno económico derivado de las leyes que regulan la oferta y la demanda.

"7º. *Considerando:* que la acción del ayuntamiento devolviendo a los comerciantes introductores anteriormente la diferencia entre la tarifa vigente al hacerse la introducción de artículos gravados y otra tarifa menor después establecida, devolución realizada de acuerdo con el 'pliego de condiciones' regulador del impuesto, no puede servir de base para deducir un argumento *a contrario sensu* a favor de (*) dicha corporación en el caso de autos, pues aparte de que ésta no hizo en aquel caso otra cosa que cumplir su 'pliego' tal pretendido derecho de reciprocidad serviría para cohonestar actos que resultan en manifiesta infracción del derecho de los demandantes, sin mediar el consentimiento de éstos para que el ayuntamiento compense la diferencia de tarifas que en otra época devolvió a otros introductores, con la diferencia de tarifas que en el caso de autos cobró a los detallistas; sin que pueda argüirse que el mismo 'pliego' autoriza al ayuntamiento para cobrar la diferencia de tarifas a su favor, pues dicho pliego no puede establecer derechos a favor del ayuntamiento en oposición con los principios fundamentales que regulan el impuesto de consumos."

*Resultando:* que contra la sentencia pronunciada interpuso la parte demandante recurso de apelación que le fué admitido, y elevados los autos a esta Corte Suprema previa citación y emplazamiento de las partes, de las cuales sólo comparecieron el Hon. Assistant Attorney General, y el apelante, se dió al recurso la tramitación correspondiente, señalándose día para la vista, en cuyo acto informaron cuanto estimaron conducente a sus respectivas pretensiones la representación de la parte apelante y el Fiscal de esta Corte Suprema.

Abogado del apelante: *Sr. Texidor.*

Abogado del apelado: *Sr. del Toro, Fiscal.*

La otra parte apelada no compareció.

El Juez Asociado Sr. Hernández, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando,* en lo sustancial, los fundamentos de hecho de la sentencia recurrida.

*Resultando:* que habiendo sido elevadas al Hon. Gobernador General las tarifas de consumos que el concejo y junta municipal de esta ciudad habían formado para el año económico de 1899 a 1900, aquella superior autoridad devolvió dichas tarifas con su aprobación, a fines de noviembre del primer año expresado, y en veinte y siete del mismo mes acordó el ayuntamiento que se expidiesen a los Detallistas (*) relaciones juradas de las existencias que tuvieran en su poder y se nombraran las comisiones necesarias para comprobar, si fuera preciso, la exactitud de dichas relaciones, que serían aforadas con arreglo a la nueva tarifa, contra cuyo acuerdo presentó escrito el Gremio de Detallistas al ayuntamiento, con súplica de que se resolviera que las especies gravadas con la última tarifa de consumos, que hallándose en sus establecimientos hubieran satisfecho el gravamen señalado por la tarifa anterior, no debían satisfacer el nuevo impuesto, teniéndose por interpuesto, en caso de que así no se acordara, recurso de alzada para ante el Sr. Secretario Civil, petición que fué resuelta por la corporación municipal en 28 de diciembre siguiente, en el sentido de nombrar una comisión para que estudiara detenidamente el asunto y emitiera su dictamen, sin que la demora consiguiente a ese trámite causara perjuicio al derecho de los peticionarios en cuanto a la alzada interpuesta en tiempo y forma.

*Resultando:* que sin haberse emitido por la comisión nombrada el dictamen que de ella se interesaba, acordó el ayuntamiento en 28 de mayo de 1900, a virtud de moción del diputado de consumos, que se procediese con toda urgencia

al inmediato cobro de lo que debían satisfacer los Detallistas por la diferencia del impuesto de consumos que resultaba según la última tarifa aprobada.

*Resultando:* que el Letrado Don Herminio Díaz Navarro, en representación del Centro de Detallistas, pidió la suspensión del acuerdo de 28 de mayo de 1900, pues lo que procedía era remitir los antecedentes a la autoridad superior para la resolución de la alzada que tenía interpuesta para el caso de que fuera desestimada la instancia que había presentado contra el acuerdo de 27 de noviembre de 1899, a lo que resolvió el honorable alcalde presidente del ayuntamiento en tres de julio del expresado año mil novecientos, no haber lugar a lo que se solicitaba, admitiéndosele, por resolución posterior de catorce del mismo mes, la apelación interpuesta, recurso (*) que resolvió el Hon. Tesorero de Puerto Rico en 6 de noviembre del mismo año, desestimando la alzada interpuesta y declarando firme en todas sus partes el acuerdo apelado, con lo que se originó la demanda interpuesta ante el Tribunal de Distrito de San Juan, en la que se pide se revoque el acuerdo del ayuntamiento de esta ciudad de 28 de mayo de 1900, y declarando en su lugar que las especies gravadas con la tarifa de consumos, anterior a la entonces vigente, no debían satisfacer la diferencia de más que les asignó la última, se ordena la devolución por el ayuntamiento, a los demandantes, de los $3,893.82, que se habían consignado en la depositaría municipal por aquella diferencia.

Aceptando igualmente las consideraciones de derecho del voto particular, menos la última.

*Considerando:* que si bien el artículo 20 del pliego de condiciones del remate de consumos dispone que en caso de variarse los tipos establecidos para la imposición del impuesto, en la misma proporción han de ser alteradas las cantidades del remate, y el artículo 71 del mismo pliego estatuye que al entregar el servicio el contratista o persona que haya tenido encargo de recaudar el impuesto al que lo obtenga en la su-

basta sucesiva, se hará un recuento de las existencias en el comercio, y abonará el primero al segundo el importe de los derechos que haya percibido de dichas existencias y que no hayan sido consumidas en el momento de la entrega, del texto de tales artículos, invocados en su apoyo por la Administración, no se desprende que el ayuntamiento tenga el derecho de cobrar mayor valor del impuesto por razón del aumento de las nuevas tarifas, cuando, como en el caso presente, se trata de existencias que ya han pagado los derechos correspondientes.

*Considerando:* que en corroboración de la doctrina expuesta viene la Real Orden de 24 de marzo de 1887, que establece que las especies adquiridas por los dueños de establecimientos (*) públicos con destino a la venta deben estimarse consumidas para los efectos del impuesto, si hubieren pagado los derechos a su entrada en la población, y por tanto que las existencias que resulten en los referidos establecimientos, al cambiarse las tarifas, están exentas del pago de la diferencia de gravamen de unas u otras.

*Fallamos:* que desestimando la excepción dilatoria de falta de personalidad en el actor, debemos revocar y revocamos el acuerdo del ayuntamiento de esta ciudad de 27 de noviembre de 1899 y su concordante de 28 de mayo del año siguiente, como también el del Tesorero de Puerto Rico de 6 de noviembre de 1900; y declarando que las existencias que había en los establecimientos de los Detallistas con destino a la venta en la fecha en que comenzaron a regir las tarifas de consumos sobre bebidas y cigarrillos, después de aprobadas por el Hon. Mayor General Davis, están exentas del pago de la diferencia de gravamen establecida por dichas tarifas con relación a las anteriores, mandamos se devuelva por el ayuntamiento de esta ciudad al Centro de Detallistas la suma de $3,893.82 importe de la diferencia de tarifas indebidamente cobrada, cantidad consignada por los recurrentes en la depositaría municipal, todo sin especial condenación de costas en lo con-

forme, confirmamos, y en lo que nó, revocamos la sentencia apelada; y devuélvanse los autos al Tribunal de Distrito de San Juan con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista en este caso.(*)